IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL CASE NO. 04-10231-MLW |
| v. ) |  |
| PETER V. MAGGIO, III, *ET AL.* ) |  |

GOVERNMENT'S SUPPLEMENT AND *ERRATA* TO
JOINT MOTION TO EXTEND TIME TO COMPLETE DISCOVERY

The Government submits the following as a Supplement and an *Errata* to the Joint Motion To Extend Time To Complete Discovery.

SUPPLEMENT

The original Motion filed on the morning of November 7, 2005, stated at footnote #2 that the assigned Assistant U.S. Attorney had not spoken with counsel for defendant Paradiso regarding the Motion because counsel was out of the country until November 7, 2005. On the afternoon of November 7, 2005, counsel for defendant Paradiso and the AUSA discussed the motion. Counsel for defendant Paradiso advised the AUSA of his joinder in the motion. The discussion between counsel included the fact, but not the particulars of, a sealed matter regarding disclosure in this criminal case. The AUSA informed counsel for defendant Paradiso that when sealed matters were obtained they would be disclosed to all defense counsel.

<u>ERRATA</u>

Paragraph #8 of the original Motion stated:

This Court has entered a sealed Order for the Government to obtain certain materials.  Production of those materials and disclosure to defendants will require additional time beyond November 14, 2005.[1]

At the time the motion was filed on the morning of November 7, 2005, the assigned Assistant U.S. Attorney, the AUSA had understood that the subject sealed matter had been filed with this Court, granted by this Court, and returned from the court to the AUSA in a sealed envelope.  As a result, Government counsel so declared in good faith at paragraph #1 in an Affidavit in support of the Motion.

After discussing with counsel for defendant Paradiso the fact, but not the particulars of the sealed matter, on the afternoon of November 7, 2005, the AUSA began putting together a disclosure file from which to make future production to all defense counsel when materials that are the subject of the sealed matter are received.

Upon further reviewing the matter with support staff, it appears that the matter which had been previously returned in a sealed envelope to the AUSA had not yet been filed with this

---

[1] For the reason that the matter was filed and Ordered under seal, this matter was not discussed with defense counsel. However, if materials are obtained pursuant to this Court's Order, those materials will be immediately disclosed to counsel.

Court.[2]  That matter has now been filed with this Court, seeking production of additional discovery materials in this criminal case.

In all other regards, the Joint Motion To Extend Time To Complete Discovery remains unmodified.

WHEREFORE, the parties jointly move this Court to continue the time for completion of discovery in this case from November 14, 2005 to January 20, 2006.

Respectfully submitted this 7th day of November, 2005.

                                        MICHAEL J. SULLIVAN
                                        UNITED STATES ATTORNEY

                         By:  /s/ Victor A. Wild
                              VICTOR A. WILD
                              Assistant U.S. Attorney
                              One Courthouse Way
                              Boston, MA 02210
                              (617) 748-3100

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the attorneys listed below a copy of the foregoing document.

                                /s/ Victor A. Wild
                                VICTOR A. WILD
                                Assistant U.S. Attorney

| James M. Merberg, Esq. | Edward Z. Menkin, Esq. |
|---|---|
| 66 Long Wharf | Suite 909, 109 S. Warren St. |
| Boston, MA 02110 | Syracuse, NY 13202 |
| Attorney for Peter V. Maggio | Attorney for Jeffrey DeVeau |

---

[2] See attached Affidavit of Assistant U.S. Attorney.

| | |
|---|---|
| Joseph S. Oteri, Esq.<br>20 Park Plaza<br>Boston, MA 02116<br>Attorney for Michael R. O'Neill | Elliott M. Weinstein, Esq.<br>228 Lewis Wharf<br>Boston, MA 02110<br>Attorney for William A. Howe |
| Scott P. Lopez, Esq.<br>24 School Street<br>Boston, MA 02108<br>Attorney for Louis A. Paradiso | Roger Witkin, Esq.<br>6 Beacon Street<br>Boston, MA 02108<br>Attorney for Matt A. Havey |
| William M. White, Esq.<br>1 Faneuel Hall, 3rd Floor<br>Boston, MA 02109<br>Attorney for Sean Sacco | |

## **AFFIDAVIT**

VICTOR A. WILD, Assistant United States Attorney ("Government Counsel"), upon his oath, states:

This Affidavit is submitted for the Court's further consideration in connection with the Joint Motion To Extend Time To Complete Discovery in United States v. Maggio, *et al*, Criminal Case No. 04-10231-MLW filed on November 7, 2005.

1. In October 2005, Government counsel had prepared sealed pleadings for submission to this Court to obtain certain information and records relevant to the prosecution and defense in this criminal case.

2. The sealed pleadings require the signature of the United States Attorney.

3. Government counsel was on trial in another matter and had understood that the sealed pleadings were executed by the United States Attorney and had been filed with this Court by support staff.

4. Thereafter, Government counsel received a sealed envelope which Government counsel quickly reviewed and believed to be the return of this Court's Order granting the sealed matter. Regrettably, Government counsel was at fault for not reviewing the materials more fully.

5. The Affidavit filed with the original Motion To Extend Time stated at paragraph #1:
   > Government counsel sought and obtained an Order of this Court for purposes of acquiring certain significant records and information relating directly to the charges and subject matters of the Indictment in United States v. Maggio, *et al*, Criminal Case No. 04-10231-MLW. Although the Government seeks expedited processing, the source and nature of the materials will require several weeks for production.

6. Although Government counsel believed the statement to be true and correct when declared, upon further review described below Government counsel learned that the sealed pleading had not been filed with this Court, and this Court had not yet entered the subject Order for production of the records and information.

7. On the afternoon of November 7, 2005, Government counsel spoke with counsel for defendant Paradiso regarding the Motion To Extend Time. Until this date, counsel for defendant Paradiso had been unavailable because counsel was out of the country.

8. The discussion with counsel for defendant Paradiso included review of the several

        independent bases for the Motion to Extend Time, including the asserted fact, but not the particulars, of a sealed matter under which the Government would produce additional disclosure to all counsel when the subject material was obtained. Counsel for defendant Paradiso advised of his joinder in the Motion To Extend Time.

9. Upon completion of the discussion with counsel for defendant Paradiso, and in anticipation of future disclosure, with leave of this Court, regarding all pleadings and materials obtained pursuant to the sealed matter, Government counsel began to collect relevant Government pleadings and Court Orders into a file from which to make future disclosure to all defense counsel.

11. In doing so, Government counsel retrieved the envelope referenced above and observed that the pleadings executed by the United States Attorney had not been filed with this Court, as understood by Government counsel. It became clear that Government counsel had been mistaken with regard to paragraph #8 of the Motion To Extend and paragraph #1 of the Affidavit attached to the Motion To Extend.

12. Government counsel immediately set out to correct the record by filing a Supplement and *Errata* to the Motion To Extend Time.

13. Government counsel immediately called the Clerk of this Court to leave a recorded message advising of these matters.

Respectfully submitted this 7th day of November, 2005.

                                            **/s/ Victor A. Wild**
                                            VICTOR A. WILD
                                            Assistant U.S. Attorney


SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ DAY OF NOVEMBER, 2005.

                                            NOTARY PUBLIC


My Commission Expires: