UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                           Cr. No. 04-10231-MLW

WILLIAM A. HOWE

DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

Defendant William Howe, by his attorney, submits the following information in further support of his request that he be sentenced to a period of home confinement and supervised release.

At the November 3, 2006 hearing, this Court directed the parties attention to the issue of inter-defendant sentencing disparity. In so doing the Court adroitly focused all parties upon the sentencing issues raised in *United States v. Thurston*, 456 F. 3d 211 (1st Cir. 2006).

Mr. Howe submits that nothing in *Thurston* prohibits consideration of co-defendant Deveau's sentence as a factor when making its §3553(a) determination of a reasonable and just sentence. *Thurston* only cautions against placing too much emphasis on sentencing disparities where co-defendants are not so similarly situated.

Deveau's role in this offense and the financial gain garnered by him prior to his arrest places him at the top tier of whatever hierarchy existed in this fraud conspiracy. His position was second only to Maggio, the undisputed architect and master manipulator of all who now await sentencing.

The government argues that because Deveau was a co-operating co-defendant who obtained the government's §5K1.1 motion, his sentence of a year and a day is irrelevant and may not be considered by this Court. The government asserts that sentencing disparity may not be

1

considered at all within a multi-defendant case. Nothing in *Thurston* supports this absolute prohibition. Pending a decision on Thurston's petition for writ to the Supreme Court, the law in the First Circuit seems at most to preclude considering inter-defendant sentencing disparity as the sole reason to depart from the advisory guideline sentence unless co-defendants are nearly identically situated.

It logically follows that where co-defendants are not similarly situated, and where one is more culpable than the other, and the other (Mr. Howe) has demonstrated a significant lifetime of "good works" and exceptional status of a long term major blood platelet donor, then it is appropriate to factor in Deveau's sentence when fixing the reasonable sentence for Mr. Howe.

It is clear that Deveau held a higher position, was more actively involved in seeking and obtaining illegal money, and at all times was aware that Maggio was perpetrating a large scale fraud. The government's statement of offense at paragraph 15 of Mr. Howe's presentence report states: "Deveau shared with Maggio in the loan proceeds. From February 13, 1999 to March 22, 2000, Deveau transferred by wires and checks $8,217,351.09 to Maggio and/or entities controlled by Maggio. Deveau was also paid a broker or participation fee on many fraudulent loans, ..." The government may not even know how much money Deveau obtained through his role in this offense.

By contrast, Mr. Howe received approximately $13,000 from Maggio. (Government's statement of offense conduct, §18 of Mr. Howe's PSR).

The government puts much emphasis on Deveau's co-operation. When confronted by the FBI, Deveau knew the full scope of his criminal activity and immediately boarded the government's §5K1.1 bus.

It is also fact that when confronted by the FBI, Mr. Howe, without the advise of counsel, was fully co-operative with the FBI and government and spent several days reviewing documents in order to further assist the government's ability to understand the workings of Maggio's manipulations. Even while assisting the government, Mr. Howe was unaware of the scope of wrongdoing perpetrated by Maggio. It is correct that Mr. Howe did not 'earn' a §5K1.1 motion. Mr. Howe, like many others, could not understand how the government sought to hold him responsible for the entire loss when he was not directly involved in the entirety of Maggio's activities. When Mr. Howe came to understand how federal conspiracy law properly held him accountable, he agreed to plead guilty and save the government the burden and expense of trial.

Unlike *Thurston*, this Court is not confronted with one defendant who seized the benefit of a plea bargain and one who elected trial.

This Court retains the authority to sentence below the guideline range when it concludes, based on the particular case and the individual circumstances of the defendant being sentenced, that a sentence below the guideline range is reasonable. Arguably after *Thurston* inter-defendant sentencing disparity alone and without any other factor may not be a reasonable grounds for a given sentence. As set forth herein, and as has been demonstrated throughout these sentencing hearings, Mr. Howe and his co-defendants, with the noted exception of Maggio, present unique circumstances which permit this Court to consider Deveau's year and a day sentence as a component of its reasoning for fixing a sentence below the advisory guideline range.

CONCLUSION:

Mr. Howe submits, as he has before, that his unique situation warrants a sentence of home confinement and supervised release.

WILLIAM A. HOWE
By his attorney,

/s/ Elliot M. Weinstein
Elliot M. Weinstein
BBO #520400
83 Atlantic Avenue
Boston, MA 02110
617-367-9334

November 11, 2006

CERTIFICATE OF SERVICE

I certify that this pleading was filed using the ECF system and service will be made upon parties by electronic mail.

 /s/ Elliot M. Weinstein        November 11, 2006