# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

88 PINE STREET – 24TH FLOOR
NEW YORK, NEW YORK 10006
(212) 483-9490
FACSIMILE (212) 483-9490

RICHARD S. MILLS
rmills@mdmc-law.com

September 7, 2007
*By Facsimile*

Hon. Mark L. Wolf, U.S.D.J.
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

RE:   *U.S. v. O'Neill - 04-CR-10231-006*

Honorable Sir:

We represent National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), a victim for which the Court has ordered restitution in this matter. We write in support of the Government's motion to enter an order approving the writ of garnishment issued by the Court on April 22, 2007.

The November 20, 2006 judgment entered by Your Honor against Mr. O'Neill imposed monetary penalties in the form of restitution to be paid to National Union in the amount of $1,813,820.00, which payments were to have commenced immediately after the entry of judgment. To date, no payments have been made despite Mr. O'Neill's abundant assets.

As the U.S. Attorney correctly noted in the Government's May 30, 2007 brief, the garnishment of Mr. O'Neill's accounts held with the Vanguard Group is proper, as the accounts are not exempt from garnishment to collect the debt owed under this Court's judgment. Moreover, Mr. O'Neill identified the Vanguard accounts in his pre-sentencing report, and the existence of this asset was factored into Mr. O'Neill's ability to make restitution payments to National Union. Mr. O'Neill's actual ability (and purported eagerness) to make restitution was a major factor in the Court's decision to reduce Mr. O'Neill's sentence from the 37 months recommended by the Government to the 21 months actually imposed. Your Honor's comments during the sentencing hearing make it abundantly clear that Mr. O'Neill's demonstrated financial ability to repay his victim was a principal reason for granting the variance in sentencing:

> I'll tell you one thing that has influenced me and that is I've ordered you to pay restitution of $1,813,200. You only earned $61,000 or maybe – no more than $61,000 from this scheme, but somehow, evidently legitimately, you've earned enough money to pay this restitution or a substantial part of it, I expect. You're going to suffer a major financial penalty. As I've said – and that's part of the

## MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Chief Judge Mark L. Wolf
United States District Court – District of Massachusetts
September 7, 2007
Page 2

penalty here. It's real and it's part of the penalty imposed to recognize the seriousness of the offense. I expect that as people learn about this, it's going to discourage them, it's going to deter them. They're going to think, "Even if I make $60,000, I may end up owing or having to pay, really pay, almost $2 million."

So I find that the degree of the departure, or variance in this case, to be precise, is reasonable. After Mr. Maggio and Mr. Deveau, you and Mr. Howe were the most culpable, you played comparable roles, and I have imposed the sentence that I think is most reasonable in view of the complex and competing circumstances.

November 20, 2006 Sentencing Hearing, 24:23 – 25:19.

At the time of sentencing, the aggregate estimated value of Mr. O'Neill's Vanguard accounts was $339,148.47, and he holds or controls other considerable assets as well. Vanguard has confirmed the number of shares held in Mr. O'Neills' name, and has frozen those funds pending the result of the Government's motion for an order approving the writ of garnishment. That relief should not be delayed for even one more day.

National Union indisputably sustained a loss of $3,294,512.91 when it indemnified Mr. O'Neill's employer against his theft. Despite the letter and spirit of this Court's restitution order, Mr. O'Neill has not attempted to repay so much as a dime of the money he stole. It now appears that Mr. O'Neill's motion to quash the writ, and the related motions to transfer venue and to amend the restitution order, are yet another attempt to cheat his victim. It bears repeating that Mr. O'Neill induced this Court to reduce his period of incarceration based upon his stated ability and willingness to pay restitution to National Union. To permit him to evade that undertaking would perpetuate, rather than ameliorate, the fraudulent scheme for which he stands convicted, and would make a mockery of the goal of deterrence that was evidently so important to the Court's decision. The writ of garnishment should be enforced, and the Court should endorse such other steps as are necessary to secure complete compliance with the order of restitution.

We are available at the Court's convenience to address any questions or concerns, and thank Your Honor for your continued consideration of the rights of the victim in this matter.

Respectfully,
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*Richard S. Mills*

cc: All Counsel of Record (by facsimile)        Richard S. Mills